**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

ATWO SIMMON aka SERINO XYMON,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CM 0528-13

**DECISION AND ORDER ON
MOTION FOR CIVIL COMPROMISE**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 28, 2014 on Defendant's Motion for Civil Compromise. Assistant Public Defender Mikaela J. Silkey Henderson represents Defendant and Assistant Attorney General Richelle J. Yu represents the Government. For the reasons set forth below, the Court denies the Motion.

## DISCUSSION

Per the Magistrate's Complaint filed on June 10, 2013, Defendant is charged with assault, criminal mischief, and disorderly conduct as misdemeanors, as well as public drunkenness as a violation. The charges stem from an incident on June 8, 2013 in which Defendant allegedly struck his neighbor, the victim.

On January 30, 2014, Defendant filed his Motion along with a signed and notarized Affidavit from the victim. The victim asserts that "he do[es] not want to pursue this case" and "do[es] not wish to testify against [Defendant]." Defendant accordingly argues that dismissal is

*ORIGINAL*

appropriate pursuant to 8 GCA § 80.90 because the victim and Defendant "have resolved their differences to [the victim's] satisfaction and a settlement has been reached between them."

On April 21, 2014, the Government filed an Opposition. Pursuant to 8 GCA § 80.90, the Government argues that assault, disorderly conduct, and public drunkenness are offenses not susceptible to civil compromise because there is no remedy by civil action. The Government further "opposes any civil compromise of the [criminal mischief charge] at this time because the victim's declaration does not acknowledge he has actually received the satisfaction, and the defendant has not shown proof of payment for costs incurred."

On March 28, 2014, the Court took the matter under advisement, and now issues its Decision and Order.

Section 80.90 of Title 8 provides:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
>
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
>
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

Section 80.90 is based on California Penal Code §§ 1377-78. "California case law is persuasive when there is no compelling reason to deviate from California's interpretation." Zurich Ins., Inc. v. Santos, 2007 Guam 23, ¶ 7 (citing People v. Hall, 2004 Guam 12, ¶ 18). "Civil compromises under section 1377 are permitted to promote the 'public interest by checking rather than encouraging criminal prosecutions of cases which are in reality of a private rather than public nature, although they are technically labeled as public offenses.'" People v. Tischman, 35 Cal.App.4th 174, 178 (1995) (quoting People v. Stephen, 182 Cal.App.3d Supp. 14, 19–20 (1986)). Factors to consider when determining whether to dismiss a misdemeanor criminal charge under a civil compromise statute include the seriousness of the offense and the

resultant injury, whether the civil injury is coextensive with the criminal violation, whether the injury to the public is fully vindicated by a private settlement, and whether the settlement by the victim is a completely voluntary one. People v. Moulton, 131 Cal.App.3d Supp. 10, 22-23 (1982). Satisfaction for the injury is achieved when "the victim has in actuality received recompense acceptable to him for his injury, not that the victim has received every recovery possible under civil law or everything the victim believed he would be entitled to civilly." People v. Stephen, 182 Cal.App.3d Supp. at 25-26 (rejecting Government's contention "that unless the victim acknowledges that he has received 'complete' compensation for the injury the court abuses its discretion in granting a civil compromise"). Notably, the law of dismissal on account of civil compromise is unsettled, and the California Court of Appeal has lamented that it was "not the first [court] to try without success to reconcile [civil compromise] cases." People v. Tischman, 35 Cal.App.4th at 178-79 (collecting the "odd mix of cases").

Here, the Court accepts the victim's Affidavit as completely voluntary. However, although Defendant moves to dismiss the complaint pursuant to 8 GCA § 80.90, he does not describe the civil remedies available to the victim in the contexts of assault, criminal mischief, disorderly conduct, and public drunkenness. Assuming tort relief is available to the victim with respect to assault and criminal mischief, the Court is not convinced that civil remedies exist as to disorderly conduct and public drunkenness such that the victim's Affidavit may serve as a basis for dismissal of all charges. Disorderly conduct and public drunkenness are offenses against public order and, indeed, neither the Magistrate's Complaint nor the applicable statutes links those two charges to a particular victim. See 9 GCA § 61.15 ("A person is guilty of disorderly conduct, if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof [. . .]"); 9 GCA § 61.25 ("A person is guilty of an [public drunkenness] if he appears in any public place manifestly under the influence of alcohol, narcotics or other drug, not therapeutically administered, to the degree that he may endanger himself or other persons or property or annoy persons in his vicinity."). Thus, it cannot be concluded that the victim "has a remedy by a civil action" pursuant to § 80.90(a) for at least two of the charges Defendant seeks to dismiss, and Defendant fails to demonstrate how the injury to the public is fully vindicated by a private settlement.

Moreover, it is unclear whether the victim "has received satisfaction for the injury" within the meaning of § 80.90(b). Although he cites the applicable statute, Defendant fails to

articulate how the victim has received satisfaction for his injury in relation to any of the charges. The Government contends that dismissal is inappropriate because the Affidavit set forth only proposed satisfaction.

Since § 80.90(b) neither defines satisfaction nor explicitly authorizes waiver or partial waiver of satisfaction, the Court must determine the meaning of satisfaction. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17.

The Court concludes that it would be an absurd result to require the victim to receive complete satisfaction and to reject any lesser proposed satisfaction. It would likewise be absurd to require the victim to receive token satisfaction in lieu of a waiver of satisfaction or in lieu of non-monetary satisfaction. The Court recognizes that acceptable satisfaction may take different forms based on, for example, the crime(s) charged, damage inflicted, and relationship between victim and accused. The Court therefore declines to adopt a rigid approach and concludes that assessing satisfaction necessarily is a fact-intensive inquiry.

Here, the victim credibly evinces a desire not to pursue the case, but certifies, in pertinent part, the following:

> 4. I am willing to execute a civil compromise if [Defendant] is willing to pay for the damages in the amount of $400;
>
> 5. I want the Court to order that [Defendant] not threaten, assault or harass me or my family;
>
> 6. I believe that [Defendant] will benefit from a counseling program that will teach him to deal with his anger and in respecting others[.]

Defendant offers no evidence that the victim has received satisfaction as requested. Similarly, Defendant offers no evidence addressing the $400 in proportion to private or public harm. Furthermore, it is notable that the Affidavit on which Defendant relies for dismissal indicates the victim seeks an order to ensure safety and recommends counseling for Defendant; these are

issues that can escape the Court's consideration upon dismissal. Defendant is accused of an outburst of destructive behavior that damaged person, damaged property, and disrupted the public. Based on the nature of the crimes alleged, the apparently incomplete satisfaction as to private and public charges, and the victim's concern for the Defendant's anger in the future, the Court cannot conclude that the victim has received satisfaction or that dismissal is appropriate under § 80.90.

## CONCLUSION

In light of the foregoing, the Court DENIES Defendant's Motion for Civil Compromise. Trial Setting is set for July 1, 2014 at 2:00 P.M.

**IT IS SO ORDERED** this day of June 10, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

ICE VIA COURT BOX
acknowledge that a copy of the
original hereto was placed in the
court box of:
PDSC, AG
Date: 6/11/14 Time: 5p
Deputy Clerk, Superior Court of Guam